UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLS BRANDS, LLC, a Florida limited liability company,<br><br>                        Plaintiff,<br><br>          -v-<br><br>AUTHENTIC BRANDS GROUP, LLC, a Delaware limited liability company, SPYDER ACTIVE SPORTS, INC., a Colorado corporation, and CBD UNIVERSE, LLC, a Colorado limited liability company,<br><br>                      Defendants. | Case No. 19-CV-8115 (JPO)<br><br><br>**STIPULATION AND PROTECTIVE ORDER** |

The Parties in the above captioned matter (the "Action") hereby stipulate and agree by and through their undersigned attorneys, [and IT IS HEREBY ORDERED,] that the following terms shall govern the treatment of discovery materials:

## PURPOSES AND LIMITATIONS

Discovery requests and subpoenas served in the Action may call for the production of private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting the Action is warranted.  Accordingly, the Parties hereby stipulate to the following Protective Order ("the Order") pursuant to Federal Rule of Civil Procedure 26(c).  The Parties acknowledge that this Order does not confer blanket protections on all discovery.

## DEFINITIONS

1.	"Disclosing Party" shall refer to any Party or non-Party that delivers Discovery Material (as defined below) in the Action.

2.	"Receiving Party" shall refer to any Party or non-Party that receives Discovery Material (as defined below) in the Action.

3.      "Discovery Material" shall refer to all Documents produced in response to requests for production or subpoenas, electronically stored information ("ESI"), responses to interrogatories, testimony, exhibits, and any other materials and information, except those that are publicly available, (including, to avoid any ambiguity, any copies, summaries, or derivations thereof) produced by a Disclosing Party during discovery in the Action.

4.      "Document" shall mean, without limitation, any written, typed, printed, recorded, or graphic material, however produced or reproduced, of any type or description, regardless of origin or location.  This definition shall incorporate the meaning provided in Local District Rule 26.3(c), and is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

## CONFIDENTIALITY

5.      This Order shall apply to and govern all Discovery Material that a Disclosing Party designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" during discovery in the Action.  For the avoidance of doubt, nothing in this Order shall limit a Disclosing Party's use of its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material.

6.      A Disclosing Party (sometimes referred to herein as a "Designating Party") may designate as "CONFIDENTIAL" any Document, material or information that the Disclosing Party believes in good faith is not known to the general public, including, but not limited to, (1)

information concerning, relating, or reflecting existing trade secrets, proprietary business information, or other confidential research, design, development, financial or commercial information; (2) non-public personal information, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, medical information, credit information, banking information; and (3) and other sensitive personally identifiable information or other information for which applicable federal or state law requires confidential treatment, including, but not limited to, name, address, social security number, loan number, telephone number, or place or position of work.  Discovery Material that a Disclosing Party designates as "CONFIDENTIAL" during discovery in the Action is referred to as "Confidential Discovery Material."

7.      A Disclosing Party may designate as "HIGHLY CONFIDENTIAL" (i) any document, material or information otherwise meeting the definition of "CONFIDENTIAL," the disclosure of which to another Party or non-party the Disclosing Party reasonably believes would likely result in competitive, commercial, financial or personal harm or disadvantage to the Disclosing Party or its clients or customers, or (ii) any document, material or information that a Disclosing Party believes in good faith would not otherwise be adequately protected if designated as "CONFIDENTIAL."   Discovery Material that a Disclosing Party designates as "HIGHLY CONFIDENTIAL" during discovery in the Action is referred to as "Highly Confidential Discovery Material."

8.      A Disclosing Party may designate as "ATTORNEYS' EYES ONLY" any document, material or information otherwise meeting the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the disclosure of which to another Party or non-party the Disclosing Party reasonably and in good faith believes is so highly sensitive and is of such a nature

that disclosure to persons other than those listed in paragraph 12 would create a substantial risk of economic injury that could not be avoided by less restrictive means.  Discovery Material that a Disclosing Party designates as "ATTORNEYS' EYES ONLY" during discovery in the Action is referred to as "Attorneys' Eyes Only Discovery Material."

9.     A Disclosing Party shall designate material as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" only to the extent that it reasonably and in good faith believes that such material meets the definition of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as applicable.   The prior sentence notwithstanding, a Disclosing Party shall have no obligation to review documents that contain voluminous materials on a page-by-page or document-by-document basis to determine whether an individual page reflects information that is not entitled to confidential treatment.  Subject to the "clawback" procedures provided in paragraphs 34-37, the Disclosing Party may designate those collections of documents, which by their nature contain Confidential or Highly Confidential Discovery Material, with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  Notwithstanding the foregoing, and subject to paragraph 20, the Receiving Party may challenge the designation of one or more documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.

10.     Any Party to whom material has been produced and any Party or non-party receiving any nonpublic material from a Disclosing Party, regardless of whether such material is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," shall use that material solely for the purpose of conducting or participating in the Action and not for any other purpose whatsoever, including, without limitation, any business or

commercial purpose, any purpose related to any other investigation or proceeding, or the evaluation of other potential claims unrelated to the causes of action and transactions at issue in the Action.

11.     Except as otherwise specifically provided in this Order, and subject to any future orders of the Court, in the absence of express written permission from the Disclosing Party or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a.     The named Parties in the Action, including their current officers, directors or employees, and the attorneys working on the Action on their behalf, including attorneys consulting with or advising them, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

    b.     Any expert or consultant who is expressly retained to assist in the Action, with disclosure only to the extent reasonably necessary to perform such work; *provided* that any part of a report created by such expert or consultant relying on or incorporating "CONFIDENTIAL" information in whole or in part shall be designated as "CONFIDENTIAL" by the Party responsible for its creation; and *provided further* that the experts or consultants may not use "CONFIDENTIAL" information to their competitive advantage or for any purpose that does not relate to the Action;

    c.     Any fact witness or potential fact witness (and counsel for such witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony in the Action, or the preparation of such testimony; *provided*, *however*, that any such individual (i) shall not retain any "CONFIDENTIAL" Discovery Material, and (ii) shall

be informed, prior to being shown "CONFIDENTIAL" Discovery Material that he/she is being shown such materials solely for use in the Action;

        d.     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings in the Action, including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

        e.     The Court and its personnel, including any appellate court in the Action, and any jurors in the Action;

        f.     Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Certification Regarding Confidentiality" (Exhibit A);

        g.     An individual or entity who either prepared the document or is identified on the face of the document as an addressee or copy addressee; and

        h.     Any other person designated by written agreement of the Disclosing Party, or by order of the Court.

        12.     Except as otherwise specifically provided in this Order, and subject to any future orders of the Court, in the absence of express written permission from the Disclosing Party or an order of the Court, material designated as "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

a.     Outside counsel working on behalf of any Party in the Action, including paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

b.     The in-house counsel of any Party, the in-house counsel to whom they report, and any counsel and staff assisting them (including paralegals, stenographic and clerical employees and contractors working under their direct supervision);

c.     Any expert or consultant who is expressly retained to assist in the Action, with disclosure only to the extent reasonably necessary to perform such work; *provided* that any part of a report created by such expert or consultant relying on or incorporating "HIGHLY CONFIDENTIAL" information in whole or in part shall be designated as "HIGHLY CONFIDENTIAL" by the Party responsible for its creation; and *provided further* that the expert's or consultants may not use "HIGHLY CONFIDENTIAL" information to their competitive advantage or for any purpose that does not relate to the Action;

d.     Any fact witness or potential fact witness (and counsel for such witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony in the Action or the preparation of such testimony; *provided, however*, that any such individual (i) shall not retain any documents marked as "HIGHLY CONFIDENTIAL," and (ii) shall be informed, prior to being shown materials marked as "HIGHLY CONFIDENTIAL," that he/she is being shown such materials solely for use in the Action;

e.     Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings in the Action including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury

sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

   f. The Court and its personnel, including any appellate court in the Action and any jurors in the Action;

   g. Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Certification Regarding Confidentiality" (Exhibit A); and

   h. An individual or entity who either prepared the document or is identified on the face of the document as an addressee or copy addressee; and

   i. Any other person designated by agreement of the Disclosing Party, or by order of the Court.

  13. Except as otherwise specifically provided in this Order, and subject to any future orders of the Court, in the absence of express written permission from the Disclosing Party or an order of the Court, material designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

   a. Outside counsel working on behalf of any Party in the Action, including paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

   b. Any expert or consultant who is expressly retained to assist in the Action, with disclosure only to the extent reasonably necessary to perform such work; *provided that* any part of a report created by such expert or consultant relying on or incorporating "ATTORNEYS' EYES ONLY" information in whole or in part shall be designated as "ATTORNEYS' EYES

ONLY" by the party responsible for its creation; and *provided further* that the experts or consultants may not use "ATTORNEYS' EYES ONLY" information to their competitive advantage or for any purpose that does not relate to the Action;

       c.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings in the Action, including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

       d.    The Court and its personnel, including any appellate court in the Action and any jurors in the Action;

       e.    Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Certification Regarding Confidentiality" (Exhibit A);

       f.    An individual or entity who either prepared the document or is identified on the face of the document as an addressee or copy addressee; and

       g.    Any other person designated by agreement of the Disclosing Party, or by order of the Court.

    14.    The persons described in subparagraphs 11(a)-(h), 12(a)-(i), and 13(a)-(g) shall have access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" material, as appropriate, only after they have been made aware of the provisions of this Order (including, without limitation, paragraph 10). Counsel retaining or representing the persons

described in subparagraphs 11(b)-(h), 12(c)-(i), and 13(b)-(g) shall require that such persons manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "CERTIFICATION REGARDING CONFIDENTIALITY" prior to being afforded access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material, and such persons shall have access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material only after they manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "CERTIFICATION REGARDING CONFIDENTIALITY."  Counsel shall retain copies of the signed "CERTIFICATION REGARDING CONFIDENTIALITY" forms so long as this Order remains in effect.  Any person receiving "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material is enjoined from disclosing that material to any other person, except in conformance with this Order.  The Parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this paragraph at any deposition.

15.    This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order.  Individuals or entities who receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material shall be subject to this Order and to the jurisdiction of this Court concerning this Order, even after the termination of the Actions.

16.    The recipient of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material that is permitted to retain confidential materials under this Order shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material.

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of the Action.

17.     Unless otherwise agreed to by the Disclosing Party in writing or ordered by the Court, persons described in subparagraphs 11(c)-(d), and 11(g)-(h) who have been shown "CONFIDENTIAL" Discovery Material shall not retain copies thereof.  Persons described in subparagraphs 12(d)-(e) and 12(h)-(i) who have been shown "HIGHLY CONFIDENTIAL" Discovery Material shall not retain copies thereof.  Persons described in subparagraphs 13(c) and 13(f)-(g) who have been shown "ATTORNEYS' EYES ONLY" Discovery Material shall not retain copies thereof.

18.     Disclosing Parties shall designate "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material as follows:

a.     In the case of documents produced, interrogatory responses, responses to requests to admit, and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, prior to its production or disclosure to the Receiving Party. Electronically-stored information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be marked or stamped as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, using means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp, where practicable.  To designate a multi-page document as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," all

pages must be conspicuously marked or stamped.  Notwithstanding the foregoing, Excel documents or any other type of electronically-stored information produced in native format (together, "Natively-Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp.  Instead, the Disclosing Party shall use reasonable means to designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, such Natively-Produced ESI including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively-Produced ESI that includes the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," mark; (ii) including "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, in the file name of the Natively-Produced ESI; or (iii) including "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, on the label of the media or in the transmittal email containing the Natively-Produced ESI.

b.     Any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material produced in a non-paper media (*e.g.*, videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."  In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order in accordance with the designation of the produced copy.

c.      "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material may be used in depositions.  All deposition Transcripts and related exhibits shall be presumptively treated as Confidential Discovery Material subject to this Order during the deposition and for a period of thirty (30) calendar days after a final transcript of said deposition is received by counsel for each of the Parties who attended the deposition.  Designation of the portion of the deposition transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the Disclosing Party or counsel for the Disclosing Party whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material was used at the deposition, which material shall be so designated (i) within thirty (30) calendar days after the final transcript of the deposition is made available or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed.  In the event that (i) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material produced by a non-party is used as an exhibit in a deposition and (ii) counsel for the non-party is not present at the deposition, the Parties agree that the exhibit and any testimony concerning the exhibit shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," accordingly.  The cover of each deposition transcript that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall bear the following legend, or its equivalent:  "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER."  No person shall be permitted to attend any part of any deposition designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless such person is authorized under the terms of this Order to receive Discovery Material with such designation(s) or unless the Disclosing Party consents to such person being present.  The Parties may modify this procedure

for any particular deposition or proceeding without further order of the Court through agreement on the record or in writing.  Objections to the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material under this paragraph shall be governed by the procedures set forth in paragraph 20.

    d. If a Disclosing Party inadvertently fails to stamp or otherwise designate a document or other Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" at the time of its production, that Disclosing Party may stamp or otherwise designate the document or other Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" at any time thereafter.  A document or other Discovery Material not marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" prior to its disclosure to a Receiving Party may be subsequently designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" in writing or, if on the record at a deposition, court hearing or trial, orally.  If the designation of information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" is made orally, the party making the designation shall memorialize the designation in writing within five (5) business days.  Upon making such subsequent designation, the Disclosing Party shall promptly provide a replacement copy of the document or other Discovery Material with the appropriate mark or stamp.  Each Receiving Party will replace the original material with the newly designated material and will destroy the original material.  To the extent such information may have been disclosed by the Receiving Party to anyone not authorized to receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further such disclosure.  Delay in designating

a document or other Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"
or "ATTORNEYS' EYES ONLY" shall not, in and of itself, be deemed to have effected a waiver
of any of the protections of this Order.

19.     A Receiving Party may change the designation of any document or information that
contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"
information produced by another disclosing party without a designation of "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or designate any document or
information produced as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS'
EYES ONLY," provided that such document or information contains the Receiving Party's own
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"
information.  Any such increase in the designation of a document shall be made within thirty (30)
calendar days of the determination that an upward designation should be made.   Upward
designations shall be accomplished by providing written notice to all parties identifying (by
production number, transcript line and page number, or other individually identifiable information)
the document, testimony, or other information whose designation is to be increased.  Promptly
after providing such notice, the Receiving Party shall provide re-labeled copies of the material to
each Disclosing Party reflecting the new designation.  The Disclosing Party will take reasonable
steps to replace the originally designated material with the newly designated material and to
destroy the incorrectly designated material.  Any party may object to the upward designation of
documents or information pursuant to the procedures set forth in paragraph 20 of this Order.  The
party upwardly designating the document as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"
or "ATTORNEYS' EYES ONLY" shall bear the burden of establishing the basis for the enhanced
designation.

20.     Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" or entitled to confidential treatment.  No party shall be obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated documents, materials or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" contend that any delay by another party in objecting to the Designating Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation (the "Challenging Party") in any way (a) lends support to the Designating Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation or (b) invalidates or diminishes in any way the Challenging Party's challenge of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation for any such materials or information.  If any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the disclosing party in writing (the "Notice").  The Challenging Party shall identify each particular document or other material bearing a designation to which it objects and shall specify the reason(s) for the objection.  The Designating Party shall deliver to the Challenging Party's counsel, within seven (7) calendar days of receiving the Notice, a written response in which the Designating Party states its agreement or refusal to withdraw the challenged designation.  If the Designating Party refuses to withdraw the challenged designation, then, within seven (7) calendar days of the receipt of the response, counsel for the Parties (and any non-party involved) shall hold a meet-and-confer to attempt to resolve the dispute.  If the dispute cannot be resolved, the Challenging Party may move the Court (or the discovery master, as

applicable) for an order removing the challenged designation indicating the reasons why it believes those designations are inappropriate.  In the event of such a motion, the Designating Party shall have the burden of establishing that the Discovery Material in question is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY"  The Discovery Material in question shall retain its "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" status during the pendency of the motion.

21.     Absent express written permission from the Designating Party, any Party that seeks to file materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" must seek to file the materials under seal pursuant to the procedures set forth in the Chambers' Rules of Judge J. Paul Oetken.  The designation of Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall not constitute evidence as to whether such documents or materials may properly be sealed.  A Party's failure to contest a Disclosing Party's designation of documents or material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" before the filing of a motion to seal shall not be deemed an admission by the party who failed to contest the designation that such documents or material should be filed under seal.

22.     As to use of Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" at hearings or at trial, the Parties agree to meet and confer concerning the procedure for the use of such material at hearings not fewer than fourteen (14) calendar days prior to any such hearing, and agree to meet and confer concerning the use of such material at trial not fewer than thirty (30) calendar days prior to trial.  Where a hearing or trial is scheduled on less than fourteen (14) calendar days' notice (or fourteen (14) calendar days' notice is otherwise not reasonably possible), the Parties agree to meet and confer as soon as

practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material at hearings or at trial shall not cause such material to lose its status as protected material.

23.     If "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must promptly bring all pertinent facts relating to such disclosure to the attention of counsel for the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or non-parties, make reasonable efforts to retrieve the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material promptly and to prevent further disclosure by it or by the person who was the recipient of such material.

24.     If a Party has cause to believe that a violation of this Order has occurred or is about to occur, then that Party may petition this Court (or the discovery master) or any other proper court for appropriate relief.

25.     If any Party reasonably believes the protections of this Order are not adequate for particular "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material, that Party may petition the Court for an appropriate amendment to this Order.

26.     If any Receiving Party having possession, custody or control of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production

of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" material (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental authority:

a.     promptly, and in any event within five (5) business days of receipt of the Third-Party Request, give written notice (by e-mail, if possible) to counsel for the Designating Party;

b.     deliver a copy of this Order promptly to the person or entity making the Third-Party Request;

c.     furnish counsel for the Designating Party with a copy of the subpoena, request for production of documents, or other process or order; and

d.     cooperate reasonably with respect to all reasonable and legitimate procedures sought to be pursued by the Designating Party.

e.     The Designating Party asserting the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" treatment shall have the burden of defending against such subpoena, process or order.  The Party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent that the Designating Party is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order; *provided*, *however*, that the Party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the Disclosing Party before producing any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material in response to the subpoena, request for production of documents, or other process or order to the extent that doing so does not expose such

Receiving Party to sanctions, an order of contempt, or the like.  Nothing in this Order shall require any Party to disregard or violate any order or direction of any governmental authority.

27.     Within sixty (60) calendar days of the final termination of the Action, including final appellate action or the expiration of time to appeal or seek further review, the Parties to the Actions shall undertake reasonable efforts to see that all Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" Discovery Material has been destroyed, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (ii) information saved on backup media in an electronically stored format, for which a Receiving Party may certify to have complied with the 60-day destruction period if the Receiving Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.  If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the categories of documents it intends to retain pursuant to that law or regulatory authority.  As to those Discovery Materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" that constitute counsel's work

product, and pleadings, motion papers, deposition transcripts and exhibits, legal memoranda, and correspondence that were served in the Action, or filed with this Court in the Action, counsel for the Parties in the Action may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.  Furthermore, notwithstanding the foregoing, in-house counsel, external counsel, experts or consultants retained to assist with the Actions, and their respective employees or staff, shall not be required to destroy "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" material contained in their email accounts or document management systems, so long as they otherwise comply with this Order with respect to such retained material.

28.     Except to the extent otherwise required by court order or law, the Parties must redact social security numbers, financial account numbers, or driver's license numbers from all documents filed with the Court.

29.     This Order shall continue to be binding after the conclusion of the Action except that (i) there shall be no restriction on Discovery Materials that were used as public exhibits in Court (unless such exhibits were filed under seal); and (ii) a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Order.

30.     This Order is without prejudice to the right of any Party or non-party to seek any other or different confidentiality arrangement or relief from the Court, on notice to all identifiable potentially affected disclosing Parties, from, or in addition to, any of the provisions contained herein.

31.     This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for,

and access to all material (whether designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" or non-designated) shall be only as provided by the discovery rules and other applicable law.

32.     Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any substantive claim or defense in the trial of, or other proceedings in the Action.

33.     Nothing in this Order shall be construed to limit in any way any Disclosing Party, any Receiving Party, or any other person from using its own documents; nor shall it affect any Disclosing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential or Highly Confidential Discovery Material.

## INADVERTENT PRODUCTION

34.     To facilitate expeditious production of voluminous documents, a Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents.

35.     The inadvertent production of any Discovery Material in the Action shall be without prejudice to any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection ("Privileged Material"), and no Producing Party shall have waived any claims or arguments under the inadvertent production doctrine.  If a Producing Party believes that Privileged Material has been produced inadvertently, it shall promptly notify in writing the Receiving Parties of the claim of privilege.  Upon such notice, the Receiving Parties, regardless of whether they deem the claim meritorious, shall promptly: (i) use commercially reasonable efforts to locate and

destroy all copies of the material in their possession, custody or control and notify the Producing

Party that they have done so; and (ii) take all commercially reasonable steps to retrieve and destroy

the inadvertently produced material or documents from other persons, if any, to whom such

documents or materials were distributed in accord with FRCP 26(b)(5)(B).  If a Receiving Party

disputes the Producing Party's assertion of privilege, the Receiving Party shall notify in writing

the Producing Party within seven (7) calendar days of receiving the Producing Party's notice (the

"Dispute Notification").  Within seven (7) calendar days after receiving the Dispute Notification,

the Parties shall meet and confer to resolve the dispute.  If they are unable to resolve their dispute,

the Receiving Party may submit the issue to the Court.  In any such submission, the disputed

document(s) shall be filed, if at all, under seal.

36.      If, during a deposition, a Party claims that a document being used in the deposition

(*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) is subject

to attorney-client privilege, work product doctrine, and/or any other applicable privilege or

immunity from disclosure, it may at its sole election (i) allow the document to be used in the

deposition without waiver of its claim of privilege or work-product protection or (ii) instruct the

witness not to answer questions concerning the document pending a prompt resolution of any

disagreement concerning the document's privileged or work-product protected status.  If the Party

allows the examination concerning the document to proceed on a non-waiver basis, the Parties

shall sequester all copies of the purportedly privileged or work-product protected document.

Immediately following the deposition, the Parties will commence the procedure outlined in the

preceding paragraphs to address the claim of privilege or other protection, including the notice

requirement set forth in paragraph 35.  Until the dispute is resolved, all Parties and any other

persons who have access to the transcript of such deposition shall treat that transcript as

Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly meeting and conferring, and if necessary submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given a reasonable opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by counsel for such Party, shall be within thirty (30) days calendar days of said determination, and in the case of other non-party witnesses shall be at the earliest practicable time for the witness and its counsel.

37.     Except as otherwise provided herein, the provisions of Federal Rule of Evidence 502 shall apply.

## MISCELLANEOUS

38.     Right to Assert Other Objections: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

SO STIPULATED AND AGREED this 4th day of November, 2021 by:

_____

**MARKS & KLEIN, LLP**

*/s/ Brent Davis*

Justin M. Klein
Brent Davis
Mark Fishbein (*pro hac vice* forthcoming)
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, New Jersey 07701
T: (732) 747-7100 F: (732) 219-0625
justin@marksklein.com
brent@marksklein.com
mark@marksklein.com

*Attorneys for Plaintiff, SLS Brands, LLC*

**FERDINAND IP, LLC**

*/s/ Jessica S. Rutherford*

Jessica S. Rutherford
450 Seventh Avenue, Suite 1300
New York, NY 10123
Telephone:  (212) 220-0523
Fax:  (203) 549-2339
jrutherford@fiplawgroup.com

*Attorney for Defendants, Authentic Brands
Group, LLC, Spyder Active Sports, Inc., and
CBD Universe, LLC*

_____

SO ORDERED:     Dated: November 8, 2021
                New York, New York

_____
          J. PAUL OETKEN
          United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLS BRANDS, LLC, a Florida limited liability company,<br><br>       Plaintiff,<br><br>   -v-<br><br>AUTHENTIC BRANDS GROUP, LLC, a Delaware limited liability company, SPYDER ACTIVE SPORTS, INC., a Colorado corporation, and CBD UNIVERSE, LLC, a Colorado limited liability company,<br><br>      Defendants. | Case No. 19-CV-8115 (JPO)<br><br><br>**CERTIFICATION REGARDING CONFIDENTIALITY** |

   By signing this document, I hereby certify that I have read the Stipulation and Protective Order regarding confidentiality of materials (the "Order") entered in the above-referenced action on November ___, 2021 and hereby agree to abide by its terms and conditions.  I also understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties, including contempt of court.  I voluntarily submit to the jurisdiction of the United States District Court, Southern District of New York for purposes of any proceeding related to the Order, including my receipt or review of information that has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."

        _____
        SIGNATURE

        _____
        NAME (PRINTED)

        _____
        AFFILIATION/COMPANY

        _____
        DATE